UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY LANE,

Plaintiff,

v.

MS. HOLT,[1]

Defendant.

Case No. 3:26-cv-00274-MMD-CSD

SCREENING ORDER

## I. SUMMARY

*Pro se* Plaintiff Anthony Lane, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 ("Complaint")), a motion for appointment of counsel (ECF No. 1-3), and an application to proceed *in forma pauperis* ("IFP") (ECF Nos. 1, 4). Because Plaintiff is unable to pay the full filing fee, the Court grants his application to proceed IFP. (*Id.*) The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of the motion for counsel.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must

---

[1]In the Complaint, Plaintiff lists Ms. Holt as the sole defendant. (ECF No. 1-1 at 1.) Therefore, the Court will direct the Clerk of the Court to change the name of the defendants in the case caption from "Northern Nevada Correction, et al." to only "Ms. Holt."

be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues Defendant Holt for events that took place while he was incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1 at 1.) Plaintiff brings one claim and seeks monetary relief. (*Id.* at 3–4.) Plaintiff alleges the following. On May 5, 2025, Holt denied Plaintiff's release on parole after Plaintiff applied to three shelters. (*Id.* at 2.) No reason was given for the denials even though Plaintiff claims to have been eligible for parole. (*Id.*) Based on these allegations, Plaintiff raises a claim that the Court liberally construes as a Fourteenth Amendment due process claim.

To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *See Swarthout v. Cooke*,

562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010). In addition, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *See Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

The Court finds that Plaintiff fails to state a colorable Fourteenth Amendment due process claim based on the allegation that Holt did not give a reason when denying Plaintiff's parole applications. Plaintiff fails to establish a liberty interest for his due process claim because there is no liberty interest in parole or parole eligibility. *See Vitek v. Jones*, 445 U.S. 480, 488 (1980). The Court thus dismisses this claim, and the entire Complaint, with prejudice, as amendment would be futile.

## IV. MOTION FOR COUNSEL

Plaintiff files a motion for counsel. (ECF No. 1-3.) In the motion, Plaintiff requests counsel to expedite the litigation of this action. (*Id.* at 3.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff fails to establish that he is likely to succeed on the merits of his case because the Court has dismissed the entire Complaint with prejudice for failure to state a claim. The Court dismisses the motion for counsel (ECF No. 1-3) as moot.

## V. CONCLUSION

It is therefore ordered that Plaintiff's application to proceed IFP without having to prepay the filing fee (ECF Nos. 1, 4) is granted. Plaintiff shall not pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915. The NDOC will forward payments from the account of Anthony Lane, 89702 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

It is further ordered that the Clerk of the Court shall file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the Clerk of the Court amend the Defendant in the case caption from "Northern Nevada Correction, et al." to only "Ms. Holt."

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice, as amendment would be futile, for failing to state a claim.

It is further ordered that the motion for counsel (ECF No. 1-3) is denied as moot.

It is further ordered that the Clerk of the Court enter judgment and close this case. No documents may be filed in this now-closed case.

It is further ordered that the Court certifies that any IFP appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 24th Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE